[649 NYS2d 273]

In the Matter of HARLEY D. AXELROD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 8, 1996

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso,* Buffalo *(Daniel A. Drake* of counsel), for petitioner.

*Mitchell T. Williams,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981, and has maintained offices in the Counties of Monroe and Ontario. Petitioner filed a petition contain-

ing five charges of misconduct. Respondent's answer denied the material allegations of the petition, and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. The Referee filed his report that petitioner now moves to confirm and respondent moves to confirm in part and to reject in part.

The Referee found that respondent neglected legal matters for which he had been retained, filed a verified answer containing misrepresentations, misrepresented the status of matters to clients, and made misrepresentations to petitioner during the course of its investigation. We confirm the Referee's report, with the exception of the finding of neglect by the Referee with respect to the third charge, and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

In mitigation, the Referee found that respondent suffered from obstructive sleep apnea syndrome, a medical condition that adversely affected his ability to practice law and for which he has since sought treatment, and that respondent's family business was undergoing financial difficulties that distracted respondent from his legal practice. We also note the letters from clients and Judges attesting to respondent's character and ability. However, the misconduct is serious. Accordingly, we conclude that respondent should be censured.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of censure entered.